**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DARRYL HORNE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )    No. 2:11-cv-287-WTL-WGH |
| | ) |
| TRIP OFFICER R. REED, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

The parties to this civil rights action are plaintiff Darryl Horne and defendants Roxanna Reed and Michael Greves. Both the plaintiff and the defendants seek resolution of Horne's claim through the entry of summary judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Id.* at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend its case. *Id.* at 322–24. In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

"Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago,* 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex,* 477 U.S. at 323. A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury, would actually support a verdict in the nonmovant's favor. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 249.

**Discussion**

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is this:

! Horne's claim is asserted pursuant to 42 U.S.C. ' 1983. The court has subject matter jurisdiction over these claims through 28 U.S.C. ' 1331.

! ASection 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [' 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

! The constitutional provision pertinent to Horne's claim is the Eighth Amendment=s proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

! To prevail on an Eighth Amendment claim based on inadequate conditions, the prisoner must show that (1) the conditions in the prison were objectively Asufficiently serious so that a prison official=s act or omission results in the denial of the minimal civilized measure of life=s necessities,@ and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted). In this context, a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994).

! "Deliberate indifference" requires a showing of the official's subjective awareness of the risk. *Id.* at 829. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. *See also Borello v. Allison*, 446 F.3d 742, 749 (7th Cir. 2006). It is an adjunct to the second element of deliberate indifference noted above, requiring a high degree of culpability, Aa very high standard of culpability, exceeding gross negligence,@ *Ross v. Duggan,* 402 F.3d 575, 590 n.7 (6th Cir. 2004). Deliberate indifference is determined through a subjective test--that is, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837. Therefore, the simple presence of a risk is insufficient to establish deliberate indifference where the official did not actually perceive the risk. *Id.* at 838, 847.

Horne's claim is that the defendants subjected him to cruel and unusual punishment by not taking proper steps to secure him in a van which made a sudden stop in order to avoid a collision with another vehicle. The material facts pertinent to each of the motions for summary judgment are the following: On August 15, 2011, Horne was

being driven in a transport van from Wishard Hospital in Indianapolis to the Wabash Valley Correctional Facility ("Wabash Valley"). Officer Reed was driving the transport van and Officer Greves was traveling in the van with Reed and Horne. Horne is paraplegic and requires the use of a wheelchair. At the beginning of the trip, Horne's wheelchair was secured to the transport van. Horne himself was seated in the wheelchair.

The transport van approached a stoplight, but another vehicle in front of the van suddenly stopped. The transport van was moving at approximately five to ten miles per hour when it had to be stopped unexpectedly in order not to hit the car in front of it at the stoplight. When the transport van stopped suddenly, Horne fell out of his wheelchair onto the floor of the van. Officer Reed pulled the transport van off to the side of the road, and Officer Greves lifted Horne back into his wheelchair. Upon being asked by the defendants whether he was alright, Horne indicated that he was alright except for some leg discomfort. Defendants Reed and Greves believed that they had properly secured Horne into the transport van and had taken all necessary safety precautions to make the return trip. It turned out that neither defendant was aware that seatbelts were in the transport van at the time of the road trip from the hospital to the prison on August 15, 2011.

Upon return to Wabash Valley, Horne was taken to the facility's infirmary. Horne was seen twice by the Wabash Valley medical infirmary on August 15, 2011, the day of the incident at issue. Horne was seen by the Wabash Valley's medical infirmary on August 16, 2011, as a follow-up appointment.

As reviewed above, prison officials evidence deliberate indifference where they know of and disregard excessive risks to an inmate's health and safety. The steps taken by the defendants to transport Horne safely from Wishard Hospital to Wabash Valley negate the element of deliberate indifference--of this claim and in doing so have shown their entitlement to summary judgment on it. *Dorsey v. St. Joseph County Jail Officials,* 98 F.3d 1527 (7th Cir. 1996). There was no deliberate indifference to Horne's medical needs after he had fallen out of the wheelchair, and there was likewise no deliberate indifference in failing to secure Horne with seat belts of which the defendants were unaware. As was the case in *Washington v. Sheriff of LaPorte County,* 306 F.3d 515, 518-19 (7th Cir. 2002), this record shows deliberate care, not deliberate indifference. Such an event, without an accompanying high risk of injury, will not support relief under the Eighth Amendment because it is devoid of allegations required to support either element of such a claim. *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (A A >protrusive lip= on a softball field, even if hazardous when a ball hits it in a certain way, does not amount to a condition objectively serious enough to implicate the Eighth Amendment.@); *LeMaire v. Maass*, 12 F.3d 1444,1457 (9th Cir. 1993) (Aslippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment@) (internal quotation marks and citation omitted). At most, the defendants were negligent in not fastening Horne in with the seatbelts, and negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Davidson v. Cannon,* 474

U.S. 344, 347-48 (1986); *Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

## Conclusion

Based on the foregoing, the defendants= motion for summary judgment [26] is **granted** because the undisputed material facts shown by the evidentiary record establish that the defendants are entitled to judgment as a matter of law. For this same reason, moreover, Horne's motion for summary judgment [29] is denied.

Judgment consistent with this Entry shall now issue.

The status conference set for April 1, 2013, is **vacated.**

**IT IS SO ORDERED.**

Date: 2/15/13

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Darryl Horne
#161956
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
P.O. Box 1111
Carlisle, IN 47838

Electronically Registered Counsel